# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

NOAH W. ROBINSON        ]
     **Plaintiff,**            ]
                        ]
**v.**                        ]       **No. 1:13-0037**
                        ]       **JUDGE HAYNES**
**GILES COUNTY JAIL, et al.**     ]
     **Defendants.**         ]

## M E M O R A N D U M

Plaintiff, Noah W. Robinson, an inmate at the Giles County Jail in Pulaski, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against the Defendants Giles County Jail and Teresa Mattox, an employee at the Jail. Plaintiff seeks injunctive relief and damages for denial of transfer to a state facility where he can participate in a program.

According to his complaint, Plaintiff has been an inmate at the Giles County Jail since June, 2011. Plaintiff alleges that Teresa Mattox "has kept me here instead of sending me to prison where I could take the programs I need." (Docket Entry No. 1 at 5). Plaintiff alleges that he has not yet been transferred to the custody of the Tennessee Department of Correction because Teresa Mattox dislikes him.

To state a claim for § 1983 relief, Plaintiff must plead that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

As to Defendant Giles County Jail, a county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991); *see also* Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is also

not a "person" subject to liability under § 1983). For that reason, Plaintiff has failed to state a claim against the Giles County Jail.

As to his denial of transfer claim against Defendant Mattox, a prisoner has no inherent constitutional right to be confined in a particular penal facility or to be held in a specific security classification. Olim v. Wakinekona, 461 U.S. 238, 245-246 (1983). Thus, transfers and prison assignments are functions solely within the discretion of the Tennessee officials. Williams v. Bass, 63 F.3d 483, 485 (6th Cir. 1995). Plaintiff has not alleged that he is being held at the Giles County Jail for some constitutionally improper purpose. Therefore, the Court concludes that the Plaintiff fails to state an actionable claim against Defendant Teresa Mattox.

Absent an actionable federal law claim, the Court must dismiss this action.

An appropriate Order is filed herewith.

**ENTERED** this the 8th day of May, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

| | | |
|---|---|---|
| **NOAH W. ROBINSON** | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **No. 1:13-0037** |
| | ] | **JUDGE HAYNES** |
| **GILES COUNTY JAIL, et al.** | ] | |
| **Defendants.** | ] | |

## <u>O R D E R</u>

The Court has before it a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* (Docket Entry No. 2).

It appears from the application that the Plaintiff lacks sufficient financial resources from which to pay the $350.00 filing fee. Accordingly, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. 28 U.S.C. § 1915(a).

Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

In accordance with the Memorandum contemporaneously entered, the complaint fails to state a claim upon which relief can be granted. Consequently, this action is hereby **DISMISSED**. 28 U.S.C. § 1915(e)(2). An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the Plaintiff is **NOT** certified to pursue an appeal of this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should the Plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of four hundred fifty five dollars ($455.00) or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this order to the Sheriff of Giles County to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

It is so **ORDERED**.

**ENTERED** this the ___8th___ day of May, 2013.

_____

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court